UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ST. LOUIS-KANSAS CITY CARPENTERS REGIONAL COUNCIL, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:16-CV-00929-AGF |
| JOSEPH CONSTRUCTION, INC. and RICKY ROACH | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 7) of Plaintiffs St. Louis-Kansas City Carpenters Regional Council (the "Regional Council"); the Carpenters' Pension Trust Fund of St. Louis, the Carpenters' Welfare Trust Fund of St. Louis, the Carpenters' Vacation Trust Fund of St. Louis, and the Carpenters' Joint Training Fund of St. Louis (collectively, the "Funds"); and the trustees of each of the Funds (collectively, the "Trustees"), for default judgment.

Plaintiffs bring this action to recover delinquent contributions owed to the Funds, which are employee benefit funds pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, by Defendant Joseph Construction, Inc. ("JCI") (Count I). The Regional Council further alleges five separate counts of breach of contract (Counts II-VI) against JCI and its proprietor Ricky Roach ("Roach") (collectively, the "Defendants") based on their default on five separate promissory notes.

Upon consideration of the motion and the applicable law, the Court will enter default judgment against Defendants as to all Counts of Plaintiffs' complaint.

## **FACTS**

The Regional Council is a labor union for carpenters in Missouri, Southern Illinois, and the Kansas City metropolitan area of Kansas. The Funds affiliated with the Regional Council are multi-employer plans by which participating employers make contributions to separate trusts for pension, health and welfare, vacation, and training benefits for participating employees. The Trustees, as the joint board of trustees for each of the Funds, are plan sponsors and fiduciaries of the Funds. JCI is a St. Louis-based construction company; Roach is a proprietor of JCI.

Plaintiffs filed suit on June 22, 2016, alleging that JCI failed and refused to make required contributions to the Funds in violation of ERISA Section 515, 29 U.S.C. § 1145, and of the collective bargaining agreement ("CBA") by which Plaintiffs and JCI are bound. (Doc. No. 1.)

The Regional Council further alleges that JCI and Roach have defaulted upon five promissory notes. From January to May of 2016, the Regional Council, as lender, issued a series of loans to JCI and Roach, as borrowers, which were memorialized in five promissory notes, each identical but for the loan date and the principal loan amount.[1] The loans were issued on the following dates and in the following amounts: (1) January

---

[1] The notes have differing maturation dates as a function of the differing loan dates, but each loan matures exactly one year after issuance.

21, 2016: $572,336.00; (2) January 21, 2016: $430,051.17; (3) April 13, 2016: $158,000.00; (4) April 13, 2016: $340,000.00; and (5) May 16, 2016: $250,560.00.  Each note contains a Missouri choice-of-law provision.  *See*, *e.g.*, Doc. No. 1-1 at 2 ("This Note will be governed by, construed and enforced in accordance with federal law and the laws of the state of Missouri").  Each note also contains provisions describing what constitutes an event of default and how such an event affects the rights of the parties.  The "Payment Default" term provides that it shall constitute an event of default under the note when the "[b]orrower fails to make any payment when due under this note."  *Id*. at 1.  The "Union Status" term provides that it shall constitute an event of default under the note when the "[b]orrowers fail to remain in good standing with the Carpenter's Union or fail[] to remain current in fringe benefit payment on behalf of union members."  *Id*.  An event of default triggers the lender's right to declare the entire unpaid principal balance and all accrued unpaid interest on the note immediately due.  *Id*. at 2.  Finally, each note requires that Defendants pay the Regional Council's attorneys' fees and costs incurred in collecting amounts due under the note.  *Id*.

The Regional Council alleges that Defendants have failed both to make payment as due on each note and to remain current in fringe benefit contributions, and have therefore defaulted upon their payment obligations under each note.

On September 20, 2016, after Defendants failed to answer or otherwise defend against Plaintiffs' claims, the Clerk of the Court entered default against both Defendants.  In their motion for default judgment, Plaintiffs seek damages from JCI on the ERISA

3

claim (Count I), in the amount of $109,374.06 for delinquent contributions, interest, and liquidated damages; and the Regional Council seeks from both Defendants damages on the breach of contract claims (Counts II-VI), in the amount of $572,986.69 for the aggregated unpaid balances of the five promissory notes.[2] Plaintiffs also seek $1,521.64 in attorneys' fees and costs in connection with this action. Plaintiffs filed an accompanying memorandum in support of their motion for default judgment, including affidavits and documentation supporting their request for damages, attorneys' fees, and costs.

## **DISCUSSION**

Under Rule 55 of the Federal Rules of Civil Procedure, a court may enter default judgment for failure "to plead or otherwise defend." Fed. R. Civ. P. 55(a); *see also Pride Cleaning & Restoration, Inc. v. Cole*, No. 4:16CV90 RLW, 2016 WL 5462810, at *1 (E.D. Mo. Sept. 28, 2016). "It is nearly axiomatic that when a default judgment is entered, facts alleged in the complaint may not be later contested." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). Upon entry of default, the allegations of the complaint are taken as true, except as to the amount of damages. *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973). It then "remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action,

---

[2] Plaintiffs' Motion for Default Judgment includes a supporting affidavit that lists the unpaid balances as $177,622.21, $262,401.07, (- $2,171.93), $123,460.34, and $11,675.00.

since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

Damages are subject to a higher degree of proof than are other factual allegations in a complaint. *Monsanto Co. v. Hargrove*, No. 4:09-CV-1628 CEJ, 2011 WL 5330674, at *2 (E.D. Mo. Nov. 7, 2011) ("[W]hile factual allegations in the complaint are generally taken as true, those . . . relating to the amount of damages must be proven."). A plaintiff must prove allegations pertaining to the amount of damages "to a reasonable degree of certainty." *Painters Dist. Council No. 2 v. Diversified Drywall Sys., Inc.*, No. 4:11-CV-1823 CEJ, 2012 WL 6740650, at *2 (E.D. Mo. Dec. 31, 2012) (citing *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001)). Damages may be proven by a sworn affidavit and supporting documentation. *SSM Managed Care Org., L.L.C. v. Comprehensive Behavioral Care, Inc.*, No. 4:12-CV-2386 CAS, 2014 WL 1389581, at *2-4 (E.D. Mo. Apr. 9, 2014) (granting default judgment and relying on affidavits of movant's attorney and executive officer as sufficient to establish attorneys' fees and costs, and damages from breach of facility provider agreement, respectively).

<u>Count I</u>

To prove a violation of ERISA Section 515, 29 U.S.C. § 1145, so as to trigger liability under Section 502(g)(2), 29 U.S.C. § 1132(g)(2), Plaintiffs must prove that JCI is: (1) an employer as defined in ERISA; (2) obligated, either under the terms of the plan or under the terms of a collectively bargained agreement, to make contributions; (3) to a multiemployer plan; and that JCI (4) failed to make such contributions; even though so

5

contributing (5) would not have been inconsistent with relevant state or federal law. *See* 29 U.S.C. § 1145. A plaintiff is entitled to recover all of the unpaid contributions owed, plus liquidated damages totaling twenty percent of the delinquency, interest, attorneys' fees, and costs. *See* 29 U.S.C. § 1132(g)(2).

Plaintiffs have established that JCI is an "employer" and that each Fund is a "multiemployer plan" as those terms are defined under ERISA. 29 U.S.C. §§ 1002(5), 1002(37). Plaintiffs have further established that the CBA and its addenda require JCI to make fringe benefit contributions to the Funds, and that JCI has "failed and refused" to do so. Finally, there is no indication that in complying with its obligations under the CBA and ERISA, JCI would run afoul of relevant state or federal law. As Plaintiffs have established that JCI has failed to make required contributions to the Funds, and in light of JCI's failure to answer or otherwise respond to the complaint, the Court finds that Plaintiffs have proven that JCI has violated ERISA Section 515.

With respect to their asserted damages, Plaintiffs have provided the sworn affidavit of the accountant and controller for the Funds, and of Plaintiffs' attorney, with supporting documentation. (Doc. Nos. 7-1 & 7-2.) As noted above, such evidence has generally been held sufficient to establish damages for default judgment. *SSM Managed Care Org., L.L.C.*, 2014 WL 1389581; *see also Painters Dist. Council 2 v. Grau Contracting, Inc.*, No. 4:10CV02339 AGF, 2012 WL 2848708, at *1 (E.D. Mo. July 11, 2012) ("In determining the amount of damages for a default judgment in an ERISA case . . . the court may rely on detailed affidavits or documentary evidence to determine the

6

appropriate sum for the default judgment."). Accordingly, Plaintiffs have adduced evidence sufficient to support the award of $109,374.06 for delinquent contributions, interest, and liquidated damages, and the Court will enter default judgment in that amount on Count I. (Doc. No. 7-9.)

Counts II-VI

In order to recover for breach of contract the Regional Council must prove, with respect to each promissory note: (1) the existence of a valid contract; (2) the rights and obligations of each party; (3) a breach; and (4) damages. *Scheck Indus. Corp. v. Tarlton Corp.*, 435 S.W.3d 705, 723 (Mo. Ct. App. 2014) (citations omitted).[3]

The Court finds that the Regional Council has demonstrated that the five promissory notes each constitute a valid, enforceable contract under which the Regional Council and Defendants mutually assumed obligations. One such obligation Defendants assumed under each of the notes was to remain current in fringe benefit payments to the Funds. Defendants' failure to do so constitutes an event of default under each note, which in turn entitles the Regional Council to declare the entire unpaid balance thereof immediately due. Accordingly, as the Regional Council has established that JCI failed to make its required contributions to the Funds, and in light of Defendants' failure to answer

---

[3] The Court will apply Missouri law to Plaintiffs' breach of contract claims, pursuant to the parties' contractual choice-of-law provision. *See H & R Block Tax Servs. LLC v. Franklin*, 691 F.3d 941, 943 (8th Cir. 2012) ("Under Missouri law, a choice-of-law clause in a contract generally is enforceable unless application of the agreed-to law is contrary to a fundamental policy of Missouri.").

7

or otherwise respond to the complaint, the Regional Council has established Defendants' breach under each of the Notes.

The Regional Council has also adduced evidence in the form of a sworn affidavit and documentation supporting the award of $572,986.69, the full amount of damages requested in its motion for default judgment. (Doc. No. 7-2 & Doc. No. 7-11.) As a result, the Court will enter default judgment in such amount with respect to Counts II-VI.

<u>Attorneys' Fees and Costs</u>

Plaintiffs are statutorily entitled to "reasonable attorneys' fees and costs of the action" for their ERISA claim (Count I). 29 U.S.C § 1132(g)(2)(D). The Regional Council is also entitled to the fees and costs associated with its breach of contract claims (Counts II-VI). Under Missouri law, litigants generally bear their own litigation expenses, subject to "three principal exceptions," one of which is "recovery pursuant to a contract or by statute[.]" *Monarch Fire Prot. Dist. of St. Louis Cty. v. Freedom Consulting & Auditing Servs., Inc.*, 678 F. Supp. 2d 927, 938–39 (E.D. Mo. 2009), *aff'd*, 644 F.3d 633 (8th Cir. 2011) (citation omitted). Under this exception, "[courts lack] discretion in deciding whether to award attorneys' fees once it is determined that a breach occurred and that the contractual provision awarding fees applies." *Id.* (citing *Howe v. ALD Servs., Inc.*, 941 S.W.2d 645, 652 (Mo. Ct. App. 1997)). Because each note contains an applicable provision allocating fees and costs to Defendants, and because the Regional Council has proven Defendants' breach under each note, the Regional Council is entitled to attorneys' fees and costs in connection with Counts II-VI. The Court finds

that Plaintiffs' request for $1,065.00 in fees and $456.64 in costs is reasonable in light of the supporting affidavit filed by Plaintiffs' counsel. Accordingly, the Court will enter default judgment in the amount of $1,521.64 with respect to Plaintiffs' fees and costs.

## CONCLUSION

Based on the foregoing,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for entry of default judgment is **GRANTED**. (Doc. No. 7.)

**IT IS FURTHER ORDERED** that Plaintiffs are entitled to recover damages in the sum of $109,374.06 against Joseph Construction, Inc. with respect to Count I; and that the Regional Council is entitled to recover damages in the sum of $572,986.69 against Joseph Construction, Inc. and Ricky Roach with respect to Counts II-VI; and that Plaintiffs are entitled to recover attorneys' fees and costs in the sum of $1,521.64 against Joseph Construction, Inc. and Ricky Roach.

A separate judgment of default shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of November, 2016.